IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OWOBEILA DENNIS ODEY,     ) | |
| ) | |
| Plaintiff,     ) | Civil Action No. 18-385 |
| ) | |
| v.     ) | Judge Cathy Bissoon |
| ) | |
| INDIANA UNIVERSITY OF     ) | |
| PENNSYLVANIA, *et al.*,     ) | |
| ) | |
| Defendant.     ) | |

## MEMORANDUM ORDER

Pending before the Court are Plaintiff Owobeila Odey's ("Plaintiff's") Motion for Attorney's Fees (Doc. 29) and Defendant Scott A. Schuller's ("Defendant Schuller's") Response (Doc. 32). For the reasons that follow, Plaintiff's Motion will be granted in part and denied in part.

## BACKGROUND

Plaintiff filed this § 1983 suit against Defendant Schuller, as well as Indiana University of Pennsylvania ("IUP") and several of the University's staff members (collectively, the "IUP Defendants"), alleging violations of his civil rights in connection with a robbery in late 2016. (See Compl. at ¶ 1.) Specifically, on December 7, 2016, Plaintiff was charged with committing a December 5, 2016 robbery on the IUP campus. (Id. at ¶ 12.) Plaintiff alleges that Defendant Schuller included several materially false statements in the affidavit of probable cause. (Id. at ¶¶ 21–22.) Plaintiff spent two nights in jail as a result of the alleged false statements made in furtherance of his arrest. (Id. at ¶¶ 26–28.) He was also suspended from IUP pending a hearing, and ultimately, on February 8, 2017, a decision was made to suspend Plaintiff from IUP for one

year.  (Id. at ¶¶ 37, 65.)  The criminal charges against Plaintiff were withdrawn after a critical witness became unavailable.  (Doc. 29 at ¶ 4.)

Plaintiff filed suit in March of 2018, and after Defendants answered, the case was scheduled for an Early Neutral Evaluation ("ENE") pursuant to the Court's Alternative Dispute Resolution Program.  (Doc. 24.)  The ENE was scheduled to take place on August 23, 2018.  (Doc. 28 at ¶ 1.)  When Plaintiff arrived at the ENE, he was arrested.  (Id. at ¶ 15.)  Defendant Schuller's counsel was aware that Plaintiff would be arrested at the ENE and that, as a result, the ENE would not take place.  (Id. at 19; Doc. 28 at 2.)  Plaintiff's counsel, on the other hand, prepared for the ENE and expected it would take place.  (Doc. 29 at ¶ 19.)

## ANALYSIS

The Court begins its analysis noting that Defendant Schuller does not contest that Plaintiff is entitled to recovery of attorney's fees related to preparation for the ENE, but rather contests two aspects of Plaintiff's requested relief as unreasonable.  (Doc. 32 at 4–5.)  First, Defendant Schuller argues the hourly rates requested are too high.  (Id.)  Second, he urges the Court to conclude that the amount of time spent on the relevant tasks was unreasonable.  (Id. at 5.)

With regard to the hourly rates, the Court finds Plaintiff's counsels' hourly rates are reasonable.[1]  On the other hand, the Court agrees with Defendant Schuller that some of the time Plaintiff's counsel billed for preparation for the ENE was unnecessary.  (Doc. 32.)  To evaluate the reasonableness of the hours devoted to a task, a district court must "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes

---

[1] Plaintiff's attorneys, Attorney O'Brien and Attorney Wright, charge hourly rates of $600.00 and $325.00, respectively.

described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001) (citing Public Int. Research Group of N.J. Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995). In light of the number of documents exchanged by the parties and the relatively short length of Plaintiff's position statement, 18.9 hours expended on document review and drafting is excessive. (Doc. 29-3 at 2.) Therefore, the Court exercises its discretion to reduce the Attorney Wright's compensable time in connection with the ENE to 9 hours, and awards a total of 3,765.00 in attorneys' fees.

Finally, Plaintiff's Motion also seeks Plaintiff's travel and lodging costs. The Court finds $464.50 of incurred costs reasonable and will award such amount.

Therefore, the total costs and fees appropriately awarded is $4,229.50.[2] Accordingly, Plaintiff's Motion for Attorney's Fees (Doc. 29) is **GRANTED** in part, and **DENIED** in part, and costs and fees are entered, in favor of Plaintiff and against Defendant Schuller in the amount of **$4,229.50.**

IT IS SO ORDERED.


October 2, 2018                           s\Cathy Bissoon
                                          Cathy Bissoon
                                          United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[2] Representing $3,765.00 in attorneys' fees plus $464.50 in costs.